STATE OF MAINE
CUMBERLAND, SS.

Unified Criminal Docket
Docket No. CUMCD-CR-11-3148

STATE OF MAINE            )
                          )
         v.               )            ORDER
                          )
ANGELA M. ESPOSITO,       )
         Defendant.       )

This matter came before the court on November 1, 2011 for hearing on Defendant's motion to suppress, dated June 6, 2011. Defendant appeared with her attorney, Matthew B. Nichols, Esq. Assistant District Attorney Julia Sheridan represented the State.

As filed, the motion raised several issues but at hearing counsel for Defendant narrowed the motion essentially to a single issue:[1] whether certain statements made by the Defendant while in custody were taken in violation of her *Miranda* rights and therefore should be suppressed.

The relevant facts are as follows. On May 22, 2011 Westbrook Police Department Officer David L. Thompson responded to a complaint of a disturbance at 116 Saco Street in Westbrook. When he arrived he encountered Defendant, Angela Esposito. After running the registration plate of her vehicle, he determined that Ms. Esposito was present in this location (residence of her ex-fiancé) in violation of an order warning her not to be there. Ms. Esposito was agitated and belligerent. Within minutes of their interaction it became apparent to Officer Thompson that Ms. Esposito was also intoxicated. He administered field sobriety tests and then placed her under arrest. As part of the field sobriety tests, Officer Thompson had asked Esposito whether she had taken any medication. She said she did.

As part of his standard operating procedure he then proceeded to inventory her vehicle at the scene. During this entire time, Ms. Esposito, though in custody, was able to see and talk with officer Thompson.

During his inventory search, Officer Thompson found several personal items in the vehicle, including Ms. Esposito's purse. Consistent with his practice, he gathered the personal items to bring them back to the station for safekeeping. To keep these items together, he opened the purse to place the other personal items inside; and when he opened the purse he noticed a prescription bottle. He examined it to determine

---

[1] At the outset of the hearing, Defense counsel identified a second issue still in contention, namely whether the officer's search of the vehicle, search of Defendant's purse, and consequent seizure of a prescription drug bottle from the purse had been improper. At the close of the evidence, however, the challenge to this search and seizure was withdrawn.

1

how many pills were in the bottle and the date the prescription was last filled. The bottle was empty.

Officer Thompson then asked Ms. Esposito several questions, including whether the pill bottle was hers and whether she had taken any of the medication in the bottle. She indicated that the bottle was hers and that she had taken medication that day. Officer Thompson did not follow up with questions concerning how recently she had taken the medication or how many pills she had taken.

The parties have stipulated that for purposes of this motion Ms. Esposito was in custody at the time Officer Thompson was conducting the inventory search and asked her about the pill bottle. They have also stipulated that Officer Thompson had not issued a *Miranda* warning prior to the questions about the pill bottle belonging to her and whether she had taken any of the pills in the bottle. The sole issue is whether these specific questions constituted an "interrogation" thus triggering the requirement for a *Miranda* warning before asking her those questions.

Interrogation in this context means direct questions or "words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *State v. Dominique, 2008 ME 180 at ¶ 12, citing Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980).*

It is the State's position that Officer Thompson's questions to Ms. Esposito regarding the prescription bottle and medication were a routine part of an administrative process—post-arrest inventory of the vehicle—and not an interrogation that would trigger the requirement for a *Miranda* warning. Further, the State contends that in light of the circumstances confronting the officer at the time (Defendant who was in emotional distress, apparently intoxicated, and causing a disturbance at her ex-fiancé's residence, a place from which she had ordered to stay away) there was a legitimate basis for concern about the Defendant's safety, including the potential that she had taken an overdose of the medication.

While Officer Thompson's primary motives for asking the questions may have been related to carrying out his administrative duties incident to the arrest, the specific circumstances here suggest that a *Miranda* warning should have been given before engaging Defendant further about the prescription medication bottle specifically. Defendant was suspected of and had been arrested for operating under the influence. She had already answered about medication use previously during the field sobriety tests. The specific questions he posed to Defendant could have been reasonably likely to elicit an incriminating response.

Therefore, it is hereby ORDERED as follows: Defendant's motion to suppress is GRANTED with regard to the specific questioning of Defendant about the prescription medication bottle during the vehicle inventory, and any and all statements made by Defendant in response to those specific questions shall be excluded in any trial of this matter.

2

The clerk may incorporate this order upon the docket by reference.

Dated:    November 3, 2011

Wayne R. Douglas
Judge